UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE LEWIS HARRELL, JR.,

                Plaintiff,                  CASE NO. 09-CV-10132

v.                                JUDGE PAUL D. BORMAN
                                UNITED STATES DISTRICT COURT
JENKINS, BYRD, DONNA J. SPERRY,
C. WASHINGTON, SPANGLER, BALDWIN,
HAYES, STEWART, J. RICE, ROBIN
STEPHENS, JOHN OCWEIJA, T. POLZEIN,
K. MORGEL, J. HUNT, LINDA LNU, TERI
RODGERS, ALFRED JONES, JOHN DOE,
BARBARA SIMPSON, LAURIN C. ROBERTS
THOMAS, SHAREE BOOKER, JAMES
QUINLAN, L. SCHNEIDER, PATRICIA L.
CARUSO, D. KLEINHARD,

                Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL, DIRECTING SERVICE AND REQUIRING "UNKNOWN CLAIMANT" INFORMATION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The

Court has granted Plaintiff leave to proceed *in forma pauperis* and to pay the initial partial filing fee

when funds are available.  Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat.

1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal

law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2),

1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* Complaint under "less

stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 (1992).

For the reasons stated, the Court will partially dismiss Plaintiff's Complaint for failure to state a claim against the following Defendants: Michigan Parole Board Members, Barbara Sampson, Laurie C. Roberts Thomas, Sharee Booker, James Quinlin, L. Schneider, Patricia L. Caruso, and D. Kleinhard; and Michigan Department of Corrections employees, Rice, Robin Stephens, John Ocwieja, and K. Morgel.

## I.      BACKGROUND

Plaintiff is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. He was charged with the following: (1) one count of assault with intent to murder, which was reduced to assault with intent to do great bodily harm and was dismissed with prejudice on October 27, 2005; (2) felonious assault, for which he was convicted of on April 5, 2006; and (3) possession of a controlled substance, which was also dismissed on October 27, 2005.

Plaintiff's Complaint concerns the denial of parole on January 21, 2007, and on May 19, 2008, by Defendants, Michigan Parole Board Members, Barbara Sampson, Laurie C. Roberts Thomas, Sharee Booker, James Quinlin, L. Schneider, Patricia L. Caruso, and D. Kleinhard. According to Plaintiff, he was denied parole as a result of false information that was submitted to the Parole Board Members on November 10, 2006, and on February 12, 2008, by Defendants, Jenkins and Byrd, Assistant Residential Unit Supervisors, and Staff Member, Donna J. Sperry. That false information involved Count (1), as stated above, which was dismissed with prejudice.

Plaintiff filed a grievance from the Parole Board's decision denying him parole. It is Plaintiff's position that Defendants, C. Washington, Spangler, and T. Polzien, retaliated against him for filing that grievance, by filing bogus misconduct reports. Additionally, Plaintiff argues that

2

Defendants, Baldwin, Hayes, and Stewart, harassed him, also for filing the grievance.  According to Plaintiff, Defendants, Rice, Robin Stephens, John Ocwieja, and K. Morgel, knew about the retaliatory and harassing conduct and did nothing.  Plaintiff further alleges that the health-care staff members, J. Hunt, Teri Rodgers, Alfred Jones, and two "Unknown Claimants" stopped giving him his hypertensive medication also because he filed the grievance.

Plaintiff sues the named Defendants in their individual and official capacities.  He  seeks monetary damages in the amount of $35,000,000 and another parole hearing.

## II.    ANALYSIS

### A.    Standard of Review

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

### B.    Fourteenth Amendment–Due Process; Denial of Parole

3

Plaintiff claims that the Michigan Parole Board relied on false information in denying him parole, and thus, his due process rights were violated.

To the extent that Plaintiff is challenging the fact or duration of his confinement, the claim should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The United States Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

However, in *Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005), the Supreme Court clarified that § 1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. While *Dotson* states that a challenge to parole practices and procedures can be presented in the context of a § 1983 action, *Dotson*, for the most part, defines the parameters of *Heck*. In *Dotson*, the Supreme Court noted that the plaintiffs' successful challenges to the parole procedures would not necessarily result in their release, but rather, it would give them a new parole hearing, after which they might or might

not be granted parole.

The fact that the *Dotson* Court found that *Heck*, in and of itself, did not prevent the respondents from bringing a § 1983 claim does not imply that Plaintiff's claim is immune from other grounds for dismissal. "As a consequence, under [*Dotson*], his success in the action would not necessarily demonstrate the invalidity of his constitutional confinement, so his action does not appear to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, it fails

to state a claim as set forth herein." *Herron v. Caruso*, No. 1:05-CV-348, 2005 WL 1862036 at* 2, n. 1 (W.D. Mich. Aug. 2, 2005).

Plaintiff asserts that the Michigan Parole Board Members violated his right to due process in conducting his parole review. Contrary to his assertions, Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7. Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*), the Sixth Circuit, noting the broad discretionary powers of the Michigan procedural authorities to deny parole, held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to

5

find that Michigan's parole scheme creates no liberty interest in being released on parole. Significantly, none of the district court cases from this circuit holds that *Dotson* diminishes *Sweeton's* finding that "the State has not created a constitutionally protected liberty interest by enacting procedural rules." *Sweeton*, 27 F.3d at 1164-65 (internal citations omitted). *See e.g.*, *Bridges v. Rubitschun*, No. 1:05-CV-624, 2005 WL 2656617 (W.D. Mich. Oct. 18, 2005); *Staunton v. Michigan Parole Bd.*, No. 1:05-CV-537, 2005 WL 2460117 (W.D. Mich. Oct. 5, 2005).

Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim against the Michigan Parole Board Members for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

## C.   *Respondent Superior* Claims Against Defendants Morgel, Rice, Stephens, and Ocwieja

Plaintiff's claims against Defendants Morgel, Rice, Stephens, and Ocwieja must be dismissed because Plaintiff failed to allege facts demonstrating personal involvement of those Defendants in the events giving rise to his Complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See*, *e.g.*, *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978) (holding that section 1983 liability cannot be based upon a theory of *respondeat superior*); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.) (holding that there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it), *cert. denied*, 469 U.S. 845 (1984). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). It must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Id.*; *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995)

6

(finding that a plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff has not done so with respect to these Defendants. The mere fact that these Defendants may have supervisory authority over the other Defendants, may have been aware of his complaints, or may have denied his grievances is insufficient to state a claim for relief under § 1983. Plaintiff's claims against these Defendants must also be dismissed.

     **D.**    **Remaining claims**

        **1.**    **Retaliation Claims against Defendants C. Washington, Spangler, T. Polzien, Baldwin, Hayes, Stewart, and Health Care Claims against the health-care staff Defendants, J. Hunt, Teri Rodger, Alfred Jones, and two "Unknown Claimants"**

Plaintiff alleges that Defendants C. Washington, Spangler, T. Polzien, Baldwin, Hayes, Stewart retaliated against him for filing a grievance, by filing bogus misconduct reports. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). Given that, these Defendants are not subject to summary dismissal at this time.

The Court also finds that Plaintiff's claims against the health-care staff Defendants, J. Hunt, Teri Rodger, Alfred Jones, and two "Unknown Claimants" are also not subject to dismissal at this time. According to Plaintiff's position, these Defendants failed to give him his necessary hypertensive medication in retaliation for him filing the grievance. *See*, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (a plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care). Against that backdrop,

7

these Defendants are therefore not subject to summary dismissal.

### 2.    Unnamed Defendants

However, with respect to Defendants "Unknown Claimant, Linda" and "Unknown Claimant of B.H.C.S. Assurance office," the Complaint cannot proceed at this time.  An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint.  *See Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D.Mass. 1994).  When a plaintiff is proceeding *in forma pauperis*, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint.  *See Williams v. McLemore*, 10 Fed.Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); FED. R. CIV. P. 4(c)(2); 28 U.S.C. § 1915(d).

In the present case, Plaintiff has failed to properly identify Defendants, "Unknown Claimant, Linda" and "Unknown Claimant of B.H.C.S. Assurance office."  Therefore, the Court will direct Plaintiff to properly identify these Defendants so service upon them may be effectuated.

## III.    CONCLUSION

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted against Defendants, Michigan Parole Board Members, Barbara Sampson, Laurie C. Roberts Thomas, Sharee Booker, James Quinlin, L. Schneider, Patricia L. Caruso, and D. Kleinhard, and Defendants Rice, Robin Stephens, John Ocwieja, and K. Morgel.  Accordingly, **IT IS ORDERED** that Plaintiff's claims against those Defendants are **DISMISSED** pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court also concludes that Plaintiff's claims against the remaining Defendants are not subject to summary dismissal.  However, regarding Defendants "Unknown Claimant, Linda" and "Unknown Claimant of B.H.C.S. Assurance office," Plaintiff failed to properly identify those Defendants.  Accordingly, **IT IS ORDERED** that Plaintiff will properly identify those Defendants in order that service upon those Defendants may be effectuated.  Failure to identify them to the Court within 60 days will result in their dismissal.

**IT IS SO ORDERED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 26, 2009.


S/Denise Goodine
Case Manager

9