UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE HARRELL,

      Plaintiff,            CIVIL ACTION NO. 09-CV-10132

  vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

JENKINS, et al.,                MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
      Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Clearthur Washington, Tammy Spangler, Wendy Baldwin, Allen Hayes, Christina Stewart, Teri Rodgers, Joyce Hunter, Linda Hankered, Alfred Jones, Kendall Byrd, Regina Jenkins, and Thomas Polzien (docket no. 31) be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Washington, Spangler, Baldwin, Hayes, Stewart, Rodgers, Hunter, Hankered, Jones, Byrd, Jenkins, and Polzien. (Docket no. 31). The motion is unopposed. All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Facts and Procedural History**

Plaintiff is currently on parole status with the Michigan Department of Corrections. At the

1

time he filed his *pro se* complaint on January 12, 2009 he was confined at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. The events giving rise to Plaintiff's complaint occurred while Plaintiff was confined at the Macomb Correctional Facility (MCF) in New Haven, Michigan, and the Cooper Street Correctional Facility (JCS) in Jackson, Michigan.

Defendants to this motion are Administrative Law Examiner Polzien; MCF Assistant Resident Unit Supervisors (ARUS) Regina Jenkins and Kendall Byrd; JCS ARUS Washington; JCS Resident Unit Officers (RUOs) Spangler, Baldwin, Hayes, and Stewart; JCS Health Unit Manager (HUM) Rodgers; JCS Registered Nurses (RNs) Hunter and Hankered; and JCS Region III Healthcare Administrative Assistant Jones. Plaintiff sues the Defendants in their official and individual capacities and seeks $35 million in damages. Defendants now move for an order dismissing Plaintiff's complaint and granting summary judgment in Defendants' favor.

**B. Standard**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . ., or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and applies to suits with respect to prison conditions regardless of the type of relief sought. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Porter v. Nussle,* 534 U.S. 516, 520 (2002).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has

met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

When a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 405 (6th Cir. 1992).

**C. Analysis**

1. Exhaustion of Administrative Remedies

    a. Defendants Jenkins and Byrd

Plaintiff states in his complaint that he was denied parole on two occasions because Defendants Jenkins and Byrd submitted false information to the Parole Board. (Docket no. 1 at 3a). Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. In support of their motion Defendants submitted copies of eleven grievances filed by Plaintiff. All eleven grievances were filed while Plaintiff was housed at JCS. Plaintiff has failed to demonstrate that he exhausted his administrative remedies against Defendants Jenkins and Byrd while he was incarcerated at MCF. Consequently, Plaintiff's claims against MCF Defendants Jenkins and Byrd should be dismissed without prejudice.

b. Defendant Washington

Plaintiff alleges in his complaint that Defendant Washington submitted false reports to the Michigan Parole Board, and conspired with Defendants Spangler and Polzien to find Plaintiff guilty of a major misconduct report. (Docket no. 1 at 3a-3b). Defendants argue that only one of the eleven grievances, grievance no. JCS-08-80-01211-17i, exhausts claims against Defendant Washington.

In grievance nos. JCS-08-08-1212-16d and JCS-08-80-01211-17i Plaintiff states that Defendant Washington included incorrect information in his Parole Eligibility Report. (Docket no. 1, Ex. C, D). Grievance no. JCS-08-08-1212-16d is directed toward the Parole Board and requests parole reconsideration. (Docket no. 1, Ex. D). Although this grievance was denied in a step III response dated September 29, 2008, it does not exhaust Plaintiff's claims against Defendant Washington.

Grievance no. JCS-08-80-01211-17i indicates that Plaintiff informed Defendant Washington that he included incorrect information in the Parole Eligibility Report and Defendant Washington did nothing to rectify the situation. (Docket no. 1, Ex. C). The grievance was denied at step III on October 21, 2008 and properly exhausts Plaintiff's claim that Defendant Washington provided false information to the Parole Board. However, the grievance does not address claims that Defendant Washington acted with retaliatory animus or conspired with others to find Plaintiff guilty of a major misconduct report. Therefore, insofar as Plaintiff alleges that Defendant Washington retaliated against Plaintiff and conspired with others to find Plaintiff guilty of a major misconduct violation, these claims have not been exhausted against Defendant Washington.

c. Defendant Baldwin

Plaintiff alleges that Defendant Baldwin filed misconduct reports against him because he

filed grievances against Defendant Spangler. (Docket no. 1, at 3b). Grievance no. JCS-08-07-1085-17a alleges that Defendant Baldwin retaliated against Plaintiff for writing grievances by yelling at him for reading his legal papers on his bunk bed. (Docket no. 1, Ex. M). The grievance was denied at step III on August 28, 2008.

In grievance no. JCS-08-07-1151-17a, Plaintiff complains that he asked Defendant Baldwin for a bar of soap and she only provided him with a half bar of soap. (Docket no. 1, Ex. E). Plaintiff states that he believed Defendant Baldwin was harassing him and retaliating against him because he wrote a grievance against her. The grievance was denied at step III on September 24, 2008. (Docket no. 1, Ex. E).

Plaintiff's general allegation that Defendant Baldwin retaliated against Plaintiff was properly exhausted. However, neither grievance claims that Defendant Baldwin filed misconduct reports in retaliation against Plaintiff. Thus, any such claim has not been properly exhausted and should be dismissed without prejudice.

d. Defendant Spangler

Plaintiff alleges that Defendant Spangler harassed, threatened, and assaulted him for exercising his right to file grievances. (Docket no. 1 at 3b). He further alleges that Defendant Spangler conspired with others to find him guilty of the major misconduct violation of Interference with Administration of Rules. (Docket no. 1 at 3b).

Grievance no. JCS-08-05-854-26b states that Defendant Spangler treated Plaintiff in an inhumane and discriminatory manner by calling him inappropriate names, like "piece of shit." (Docket no. 1, Ex. K). The grievance was appealed through step III of the MDOC grievance process. Because the grievance does not identify facts that indicate that Defendant Spangler acted

with retaliatory animus, or conspired with others to find him guilty of a major misconduct violation, this grievance does not exhaust Plaintiff's claims against Defendant Spangler.

Grievance no. JCS-08-06-986-17a states that Defendant Spangler confiscated Plaintiff's I.D. card because he wrote a grievance against her. (Docket no. 1, Ex. L). An investigation of the grievance determined that Defendant Spangler took Plaintiff's I.D. card in order to write him up for the major misconduct violation of Interference with Administration of Rules. The grievance was denied at step III on August 28, 2008. (Docket no. 1, Ex. L). The grievance does not include facts to indicate that Defendant Spangler conspired with others to find him guilty of the major misconduct report. Accordingly, Plaintiff's claim of retaliation against Defendant Spangler has been exhausted, but his allegation that Defendant Spangler conspired with others to find Plaintiff guilty of a major misconduct violation has not been exhausted.

e. Defendant Hayes

Grievance no. JCS-2009-07-0753-17z states that Defendant Hayes treated Plaintiff inhumanely and discriminated against Plaintiff by calling him "a piece of shit" and pointing his finger in his face. Plaintiff states that there "may be more retaliation against me for writing this grievance from staff." (Docket no. 1, Ex. O, step I grievance). The grievance was appealed through step III of the process and was denied on December 14, 2009. The Court will consider Plaintiff's claim of retaliation against Defendant Hayes to have been property exhausted.

F. Defendants Hunter, Hankered, Rodgers, and Jones

Plaintiff alleges that Defendants Hunter, Hankered, Rodgers, and Jones denied him his blood pressure medicine in retaliation for filing grievances. (Docket no. 1 at 3c). Grievance no. JCS-08-08-1210 alleges that on July 29, 2008 Plaintiff spoke to "a nurse" who refused him health care

6

service for his high blood pressure. (Docket no. 1, Ex. F). Plaintiff also complained of headaches, lightheadedness, and seeing dots. The grievance was reviewed by Defendant HUM Rodgers, who found that Plaintiff was scheduled with nursing on July 29, 2008 and August 7, 2008 but he refused to be seen because he did not want a co-pay. Plaintiff's grievance was denied at step II by Defendant Jones, the Administrative Assistant for Region III, who also indicated that Plaintiff's medical record revealed that Plaintiff refused treatment for his condition because he did not want a co-pay. (Docket no. 1, Ex. F, step II response). The step III grievance response states that "Grievant states an RN refused him medical care for his high blood pressure." (Docket no. 1, Ex. F). The step III appeal was denied on December 11, 2008.

Proper exhaustion of administrative remedies requires a prisoner to comply with the prison's procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to MDOC Policy Directive 03.02.130, effective July 9, 2007, a prisoner is required to name all individuals involved in the issue being grieved. (Docket no. 1, Ex. A).

The grievance shows that Defendants Hunter, Hankered, Rodgers, and Jones were not named at any stage in the MDOC's three-step grievance process. As such, Plaintiff has failed to properly exhaust his claims against these Defendants and they should be dismissed without prejudice.

 g. Defendants Stewart and Polzein

Plaintiff claims that Defendant Stewart harassed Plaintiff because Plaintiff told Defendant Washington that he was "on notice of his action by submitting an Erroneous report to the Mich. P.B." (Docket no. 1 at 3b). He further states that Defendant Polzein conspired against Plaintiff by finding him guilty of a major misconduct violation. A review of the grievances submitted by Defendants shows that Plaintiff did not exhaust his administrative remedies against Defendants

7

Stewart and Polzein. Accordingly, these Defendants should be dismissed without prejudice.

2. Eleventh Amendment bar to Official Capacity Suits

Having reviewed the grievances attached to Defendants' motion, the Court finds that Plaintiff exhausted claims against Defendants Washington, Baldwin, Spangler, and Hayes. Plaintiff has sued these Defendants in their official and individual capacities. The Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacity. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Consequently, Plaintiff's official capacity claims against the remaining Defendants should be dismissed.

3. Retaliation

Plaintiff has properly exhausted claims of retaliation against Defendants Baldwin, Hayes, and Spangler. To establish a claim of retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) that the adverse action was taken, at least in part, because of the protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). In most cases, "the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson,* 308 F.3d 594, 603 (6th Cir. 2002). "[U]nless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury. *Id*.

    a. Defendants Baldwin and Hayes

Plaintiff states that Defendant Baldwin retaliated against him for writing grievances by providing him with a half bar of soap when he asked for a whole bar. Plaintiff also states that Defendants Baldwin and Hayes retaliated against him on separate occasions by yelling at him,

8

calling him names, and pointing a finger in his face.

" 'An inmate has no right to be free from verbal abuse, . . . and minor threats do not rise to the level of a constitutional violation.' " *Cohron v. City of Louisville*, No. CIVA3:06CV-P570C, 2010 WL 1049975, at * 3 (W.D. Ky. March 19, 2010) (citing *Smith v. Craven*, 61 Fed. App'x 159, 162 (6th Cir. 2003)). In the instant case the alleged verbal harassment and name calling by Defendant Baldwin and Hayes are inconsequential and would not deter a person of ordinary firmness from engaging in protected conduct. *Cohron v. City of Louisville*, No. CIVA3:06CV-P570C, 2010 WL 1049975, at * 3 (W.D. Ky. March 19, 2010) (granting defendants' motion for summary judgment and finding that defendant's name calling did not satisfy the second element of a First Amendment retaliation claim). Thus, the alleged retaliatory actions taken by Defendants Baldwin and Hayes fail to rise to the level of a constitutional violation.

The record before the Court is limited to Plaintiff's grievances and a major misconduct hearing report. A review of the record reveals that there is a lack of evidence to support Plaintiff's allegations that Defendants Baldwin and Hayes engaged in wrongdoing. The party moving for summary judgment may meet their initial burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It is then incumbent upon the plaintiff to present evidence to show that a genuine issue of material fact exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. at 587. Plaintiff did not respond to the Defendants' Motion for Summary Judgment and has not provided the Court with any evidence demonstrating that a triable issue remains against Defendants Baldwin and Hayes. Based on the record before it, the Court finds that there is no genuine issue of material fact concerning Plaintiff's claims of retaliation against Defendants Baldwin and Hayes.

      b. Defendant Spangler

Plaintiff alleges in his complaint that Defendant Spangler harassed, threatened, and assaulted him for exercising his right to file grievances. The grievance which was exhausted against Defendant Spangler shows that the Defendant confiscated Plaintiff's I.D. card for the purpose of writing him up on a major misconduct violation for Interference with Administration Rules. (Docket no. 1, Ex. L). During the hearing on the major misconduct report, Plaintiff argued that Defendant Spangler was "out to get him." (Docket no. 1, Ex. R). The hearing officer found that Plaintiff was on Loss of Privileges on the date in question and that Defendant Spangler was within her rights to enforce the disciplinary sanctions. Plaintiff was found guilty of the major misconduct violation. There is no evidence in the record to show that Defendant Spangler acted with retaliatory animus when she took Plaintiff's I.D. card. Plaintiff's conclusory statements are insufficient to overcome the motion for summary judgment. Accordingly, Defendant Spangler is entitled to summary judgment on Plaintiff's retaliation claim.

4. Defendant Washington

Plaintiff contends that Defendant Washington provided erroneous information to the Michigan Parole Board and did nothing to remedy the situation when he was told by Plaintiff that the information was inaccurate. The record shows that Defendant Washington did not submit false information to the Parole Board. Plaintiff has not come forward with evidence to dispute this fact or further clarify his claim. The Court previously found that Plaintiff has no liberty interest in being released on parole, thus he has no claim for violation of his procedural due process rights. (Docket no. 5). Defendant Washington is entitled to summary judgment on Plaintiff's claim.

10

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: July 22, 2010                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Joe Harrell and Counsel of record on this date.

Dated: July 22, 2010                          s/ Lisa C. Bartlett
                                              Case Manager