# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOE HARRELL,

      Plaintiff,                            CIVIL ACTION NO. 09-CV-10132

vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

JENKINS, et al.,                  MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendants Nakarta and Martin be dismissed from this action and Plaintiff's Complaint be dismissed pursuant to Fed.R.Civ.P. 4(m).

**II.**     **REPORT:**

        Plaintiff filed the instant Complaint on January 12, 2009. (Docket no. 1). Plaintiff was granted *in forma pauperis* status on February 25, 2009. (Docket no. 4). On May 26, 2009 the Court ordered Plaintiff to identify two unknown Defendants so that service upon them could be effectuated. (Docket no. 5). Plaintiff identified the unknown Defendants as J. Nakarta, RN and Nancy Martin of B.H.C.S. Assurance. (Docket no. 7). The Marshal was subsequently directed to effectuate service on the Defendants without prepayment of costs. (Docket no. 13, 43). Service was attempted on Defendants J. Nakarta and Nancy Martin at the Cooper Street Correctional Facility in Jackson, Michigan as provided in Plaintiff's Complaint. (Docket no. 1, 43). The notices were returned unexecuted, however. Plaintiff has not offered alternate addresses for Defendants Nakarta and Martin.

1

The time for service of the summons and complaint is established under Fed. R. Civ. P. 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant. . . ." Fed. R. Civ. P. 4(m). Service has not been effectuated on Defendants Nakarta and Martin within the time allowed under Rule 4(m). A plaintiff proceeding *in forma pauperis* is entitled to rely on officers of the Court to effect service. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). However, a plaintiff may not remain silent and do nothing to effectuate service. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004). At a minimum, the plaintiff must request service and attempt to remedy any apparent service defects of which he has knowledge. *Id*. (citation omitted). Defendants J. Nakarta and Nancy Martin are the only remaining Defendants in this action. On November 1, 2010 this Court entered an Order for Plaintiff to Show Cause why his Complaint should not be dismissed pursuant to Rule 4(m). (Docket no. 48). The copy of the Order sent to the Plaintiff was not returned. Plaintiff, however, failed to file any response to the Order to Show Cause, and the response deadline has now passed. Plaintiff has therefore failed to show cause why these two Defendants should not be dismissed from this action and his Complaint dismissed. Accordingly, Defendants Nakarta and Martin should be dismissed from this action and Plaintiff's Complaint should be dismissed for failure to comply with Fed.R.Civ.P. 4(m).

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 24, 2010                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Joe Harrell and Counsel of Record on this date.

Dated: November 24, 2010                s/ Lisa C. Bartlett
                                        Case Manager

3